UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MISTY CLARK, ET AL** | : | **DOCKET NO. 2:13-cv-02417** |
| **VS.** | : | **JUDGE WALTER** |
| **WAL-MART TRANSPORTATION LLC ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the Court are two motions to compel discovery filed by the defendants. The first (Doc. 17) requests that the plaintiff Misty Clark be ordered to undergo a Functional Capacity Examination ("FCE). The second (Doc. 19) asks that Mrs. Clark be ordered to undergo an Independent Neuropsychological Examination ("INE") and asks that the deadline for the furnishing of expert reports be extended from September 29, 2014 to October 30, 2014. After due consideration the motions are hereby **GRANTED.**

### I. FACTS & PROCEDURAL HISTORY

On August 16, 2012, the plaintiffs claim Misty Clark was involved in a traffic accident with a Freightliner Tractor driven by Donald Howard, an employee of Wal-Mart Transportation, LLC. Mrs. Clark claims to have suffered numerous injuries from this accident.[1] Plaintiffs, Mrs. Clark and her husband, seek damages for past and future medical expenses, lost wages, mental anguish, loss of consortium, and loss of earning capacity.

---

[1] Mrs. Clark claims to have sustained injuries to her back, neck, spine, shoulder, head, and left leg and complains of continuing problems with lower back pain, neck pain, and frequently recurring headaches which, on at least one occasion, caused nausea, vomiting, blurred vision, and dizziness. Doc. 17, att. 2, p. 9.

## II. LAW & ANALYSIS

Defendants filed their motions pursuant to Federal Rule of Civil Procedure 35 which allows a court to order a party to submit to a physical or mental examination when the party has placed his or her physical or mental condition in controversy.  This court has previously noted that there are three requirements necessary to enable a court to order a Rule 35 exam: "(1) the party's physical...condition must be in controversy; (2) the expert must be...['a suitably licensed or certified examiner']...; and (3) good cause must be shown." *Guillory v. Pellerin*, 2:07-CV-1683, 2009 WL 2231633 (W.D. La. July 23, 2009) (citing *Acosta v. Tenneco Oil Company,* 913 F.2d 205, 208 (5th Cir.1990)) (quoting FED.R.CIV.P. 35(a)(1)).

### A.  *Guillory* Considerations

#### *1.  Physical Condition Must Be in Controversy*

Defendants suggest Mrs. Clark's physical condition is clearly in controversy with respect to both evaluations sought.  Plaintiffs concede that Mrs. Clark's physical condition is in controversy for purposes of the FCE but argue that the defendants' motion to compel an INE should be denied because the defendants have failed to show that the plaintiff's mental condition is at issue.

Responding to plaintiffs' contention that an INE is unwarranted because Mrs. Clark is not claiming to have a mental defect, defendants point out that they are not seeking to evaluate Mrs. Clark's mental condition but rather the test is necessary to evaluate whether the plaintiff's physical ability to return to work is significantly hindered by her persistent headaches.  Plaintiffs have alleged that Mrs. Clark has suffered severe injuries that render her incapable of performing her duties at work.  Doc. 1, p. 5.  Plaintiffs further maintain that Mrs. Clark continues to suffer from debilitating headaches for which she continues to be treated.  Response to Interrogatory No. 6, Doc. 19, att. 2, p. 5.

We do not agree that Mrs. Clark's mental condition must be in controversy before we can order an INE given the complaints she has made. From the record it evident that plaintiffs relate Mrs. Clark's inability to return to work to her persistent headaches and they claim these headaches are a direct consequence of her *physical* injuries.

We conclude that Mrs. Clark's medical condition is in controversy for purposes of both requests.

*2. Expert Must be Licensed*

From the record it is clear that both experts proposed to perform the examinations, Dr. Kevin Greve (neuropsychologist) and Dr. Paul Fontana (occupational therapist), are duly licensed medical professionals. Moreover, submissions to this court indicate that they are sufficiently familiar with the procedures requested by the defendants. *See* Doc. 28, att. 1, and Doc. 27, att. 1.

*3. Good Cause Must Exist*

The "'good cause' element of Rule 35 requires a showing that the examination could adduce specific facts relevant to the cause of action and necessary to the defendant's case." *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 391 (S.D. Tex. 2013) (citing *Ragge v. MCA/Universal Studios,* 165 F.R.D. 605, 609 (C.D.Cal.1995)). The Supreme Court has stated that "[a] plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf v. Holder,* 379 U.S. 104 at 119 (1964) (citation omitted).

In response to the request for an FCE plaintiffs claim that the defendants have not adequately shown that there is good cause because (1) Mrs. Clark has not has not had a

functional capacity exam prepared and does not intend to present that type of evidence at trial and (2) her neurologist, Dr Fayez K. Shameih, has indicated an FCE may be premature. Doc. 17, att 2, p. 5. Plaintiffs state that "a seminal factor in showing good cause is 'whether the plaintiff has retained his own experts, and whether he intends to prove his claims through their testimony at trial…'" Doc. 21, p. 5 (quoting *Ornelas, supra,* at 392).

*Ornelas,* of course, is not binding on this court and neither do we agree that such a rigid application of the rule is in order. Retention of a similar expert certainly could be a factor in the court's consideration but it is not the only one. In fact, at the end of the same paragraph from which the quote above was taken, the *Ornelas* court reaffirmed *Schlagenhauf* when it stated: "[*n*]*otwithstanding all of the above generalities*, the *Schlagenhauf* Court…made clear that 'a plaintiff in a negligence action who asserts mental or physical injury...provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.'" *Ornelas* at 392 (quoting 379 U.S. at 119) (emphasis added).

Here we are dealing with a negligence action brought by a plaintiff who has alleged numerous physical injuries. As a consequence of those injuries she seeks damages for lost wages and both present and future medical expenses. See Doc. 1, p. 5. These allegations make the examinations requested relevant to the cause of action and thus any facts that might be gained from allowing them will be necessary and essential to the defendant's case. Accordingly this court finds that good cause exists for both a functional capacity and a neuropsychological examination.

### B. Additional Rule 35 Considerations

Having concluded the defendants are entitled to the requested examinations, section (a)(2)(B) of Rule 35 requires this court to specify the time, place, manner, conditions, and scope

of the examinations as well as the person or persons who will perform them. Plaintiffs have asked that the examinations be video recorded, that the examinations be limited in time, and that the defendants submit a list of proposed tests with an explanation of proposed relevance of the test to be performed. Doc. 21, p. 6. Defendants have responded identically to these requests. All object to videotaping, they agree to set a reasonable time limit for examination, namely two eight-hour days (we are assuming one day for each expert), and they agree to provide a list of tests to the court for consideration but object to the test information being given to plaintiffs in advance of the examinations. Doc. 27 pp.4-5, Doc. 28, p. 5.

Plaintiffs have given no reason why these tests should be videotaped and we do not make that a condition. The examinations will each be limited to one day per examination no more than eight hours in one day. Plaintiffs have given no reason why the court should suspect any untoward activity by the opposing counsel or the designated experts so we see no reason to examine the tests that are proposed. We will reconsider this issue, however, if plaintiffs were to give additional reasons why such limitations would be in order.

The remainder of the details will be left to the parties to resolve. Either party may contact chambers for a telephone conference should any additional difficulties arise.

### C. *Request for Extension of Deadlines*

The current deadline for the submission of expert reports is September 29, 2014. Given this ruling that deadline is extended to October 30, 2014 as requested.

### III. CONCLUSION

For the reasons stated above the defendants' [17] Motion to Compel FCE is GRANTED. Defendants' [19] Motion to Compel INE is also GRANTED. These examinations are limited to

one eight-hour day each. The parties are left to arrange all further details and to contact chambers should any difficulty arise.

Defendants' [19] Motion for Extension of Defendants' Expert Reports Deadline is GRANTED. Expert reports are now due October 30, 2014.

THUS DONE AND SIGNED in Chambers this 22nd day of September, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE